JS 44   (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Leah Fabry and Lauren Connors,
on behalf of themselves and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff **Oakland**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Megan Bonanni (P52079)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI 48067      (248) 398-9800

## DEFENDANTS

Recipes Inc., a Michigan corporation,
and Trung Huynh, an individual, jointly and severally,

County of Residence of First Listed Defendant **Oakland**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 216(b)

Brief description of cause:
Fair Labor Standards Act violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
1/3/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Leah Fabry and Lauren Connors,
on behalf of themselves and all others
similarly situated,

       Plaintiffs,

v.                                       Case No.
                                       Hon.

Recipes Inc., a Michigan corporation,
and Trung Huynh, an individual,
jointly and severally,

       Defendants.
_____/

Pitt, McGehee, Palmer & Rivers, P.C.
Megan Bonanni (P52079)
Channing Robinson-Holmes (P81698)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
(248) 398-9800
mbonanni@pittlawpc.com
crobinson@pittlawpc.com
_____/

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY

      Plaintiffs, Leah Fabry and Lauren Connors, on behalf of themselves and

all others similarly situated, by and through their attorneys, for their Complaint

against Defendants, allege as follows:

## INTRODUCTION

Plaintiffs Leah Fabry and Lauren Connors (hereinafter "Plaintiffs"), on behalf of themselves and others similarly situated are former servers of Recipes Inc. ("Recipes"), owned and operated by Trung Huynh ("Huynh") (collectively "Defendants"), and bring this Collective action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for Defendants' willful practices of failing to pay staff for time spent in mandatory work meetings and cleaning at the end of the closing shift and of compelling their wait staff to contribute a portion of their tips to a pool, which were in turn distributed to non-tipped employees.

Plaintiffs bring this class action seeking damages, back pay, restitution, liquidated damages, and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## JURISDICTION & VENUE

1.    This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim raises a federal question under 29 U.S.C. § 201, *et seq.*

2.    This Court has jurisdiction over this FLSA Collective Action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may

be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

### THE PARTIES

4.     Plaintiff Leah Fabry ("Fabry") is a resident of Oakland County, Michigan. At all relevant times, Fabry was an employee of Defendants', as defined in 29 U.S.C. § 201 *et seq.*, working on various dates as a server from October 14, 2015 to March 22, 2018.  Fabry has executed her consent to join form.

5.     Plaintiff Lauren Connors ("Connors") is a resident of Oakland County, Michigan. At all relevant times, Connors was an employee of Defendant, as defined in 29 U.S.C. § 201 et seq., working on various dates as a server from May 22, 2017 to May 13, 2018. Connors has executed her consent to join form.

6.     Defendant Recipes Inc. (hereinafter "Recipes") is a Michigan corporation comprised of three operational restaurants located at 2919 Crooks Rd., Troy, MI 48084, as well as 134 W. University Dr., Rochester, MI 48307, and 31110 Haggerty Rd., Farmington Hills, MI 48331, owned by Trung Huynh.

7.     Defendant Trung Huynh (hereinafter "Huynh") is a resident of

Rochester Hills, Michigan. At all times relevant hereto, Huynh was the owner and operator of Recipes Inc., making and enforcing business and pay practices affecting employees at the Recipes locations.

8.      At all times relevant hereto, Plaintiffs and other similarly situated Class members were "employees" of Defendants within the meaning of the FLSA 29 U.S.C. § 203(e)(1).

9.      Each defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10.     At all relevant times, Defendants engaged in interstate commerce and utilized goods which moved in interstate commerce as defined in 29 U.S.C.§203(r) and §203(s).

## FACTUAL ALLEGATIONS

11.     Plaintiff Fabry worked at Defendant's Troy restaurant location as a Server at various points from October 14, 2015 to March 22, 2018 and was paid $3.52 per hour plus tips as of her last date of employment.

12.     During her employment, Fabry was generally scheduled to work an average of approximately 15 to 20 hours per week, unless she missed time for vacation, sick days and/or holidays.

13.     Plaintiff Connors worked at Defendant's Troy location as a Server at various points from May 22, 2017 to May 13, 2018 and was paid $3.52 per

hour plus tips as of her last date of employment.

14.     During her employment, Connors was generally scheduled to work an average of approximately 22 hours per week, unless she missed time for vacation, sick days and/or holidays.

**A. Defendants mandated unpaid work of their employees**

15.     Throughout their employment, Plaintiffs were required to attend unpaid meetings on a periodic basis that lasted anywhere from one to two hours.

16.     Throughout their employment, when working a closing shift, Plaintiffs were required to perform work cleaning up the restaurant after they had clocked out.

17.     The amount of time for which Plaintiff and Class members are or were required to work, but for which they are or were not paid is not insubstantial, insignificant, nor *de minimus.*

18.     Attendance at the meetings and the work performed for a closing shift after clocking out (a) is and was not voluntary, (b) is and was directly related to the employees' job; (c) is and was not incidental to the employee tasks at work; and (d) employees do not and did not perform any other productive work during these times and Servers could not and did not earn tips during this time.

19.     At all relevant times, Defendants, directly or indirectly, exercised significant control over the wages, hours, and working conditions of Plaintiffs and similarly situated members of the Class.

20.     During the relevant time period, the employment terms, conditions and policies that applied to Plaintiffs and others similarly situated were the same as those applied to other Class members who also worked as Servers.

**B.  Defendants promulgated an illegal tip-sharing pool**

21.     Defendants forced employees to participate in an illegal tip pool with managers who were hourly or salary employees and who did not regularly receive tips.

22.     Managers received tip-outs from a pool of 1% to 3% of the individual daily sales from wait staff in addition to their hourly or salary wages.

23.     Managers required wait staff to provide them with a minimum of 1% of their individual daily sales, but punished wait staff by reducing their hours or scheduling them for shifts during which there were fewer opportunities for tips if wait staff did not provide them with 2% to 3% of their individual daily sales.

24.     On occasions when a busser did not work that shift, managers pocketed an additional 2% to 2.5% of the individual daily sales from wait staff, in addition to their hourly wages, that would have gone to the on-shift busser.

25.    Each day, Defendants' manager on duty would collect the tip pool contributions from each Server and pocket the contributions.

26.    Plaintiffs and Class members, meanwhile, were paid the server minimum wage and the remainder of their tips.

### C. Facts Establishing Defendants' Acts were Willful

27.    Defendants knew or should have known that the FLSA wage and hour laws applied to their business at all relevant times.

28.    On October 28, 2017, Plaintiff Fabry notified owner Trung that Defendants' tip pooling practice was illegal.

29.    On November 1, 2017, Plaintiff Fabry notified Defendant's Troy location manager, Leslie Wyse ("Wyse") that it was illegal for managers, including Wyse, to pocket tips earned by Servers. Wyse grew visibly angry.

30.    Despite this notice of their violations, Defendants intentionally chose to continue to improperly force Servers to participate in illegal tip pools. Such conduct was intentional, unlawful, fraudulent, deceptive, unfair and contrary to public policy.

31.    In January and February of 2018, Wyse began scheduling Fabry for primarily closing shifts, which offered fewer opportunities for tips.

32.    On February 11, 2018, Fabry was not scheduled to work at all in the upcoming week.

33.     Later that day, Fabry again notified Trung that it was illegal for managers, such as Wyse, to pocket the Servers' tips.

34.     On February 12, 2018, Trung suspended Fabry for two weeks.

35.     On March 21, 2018, Trung terminated Fabry's employment.

36.     On March 25, 2018, Trung called a mandatory meeting lasting approximately 45 minutes for which Servers, including Plaintiff Connors, were not paid. During the meeting, Trung told the Servers, "I don't want to hear anything more about tipping Leslie out. If you don't like it, you can quit."

37.     All actions by Defendants described herein were willful, intentional and not the result of mistake or inadvertence.

## INJURY AND DAMAGE

38.     Plaintiffs and all Class members suffered injury, were harmed, and incurred damage and financial loss as a result of Defendants' conduct complained of herein.

39.     Plaintiffs and the Class are entitled to minimum wages and overtime benefits.

40.     By failing to pay Plaintiffs and the Class minimum wages and overtime benefits, Defendants injured Plaintiffs and the members of the Class and caused them financial loss, harm, injury and damage.

41.     Plaintiffs and Class members are entitled to all tips they

contributed to the improper pool.

42.    By forcing Plaintiffs and the Class to participate in the improper tip pool, Defendants injured Plaintiffs and the members of the Class and caused them financial loss, harm, injury and damage.

## COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of all similarly situated current and former workers of Defendants who were subject to Defendants' failure to pay minimum wages, and overtime benefits, and the mandatory improper tip pool, at any time during the last three years.

44.    Excluded from the class are all of Defendants' executives, administrators, professional employees, and outside sales persons.

45.    A collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the workers described as parties to the Complaint are "similarly situated" to the named Plaintiffs.

46.    The workers Plaintiffs seek to represent in this case includes:

a.    All individual Servers who worked for Defendants and were not paid proper minimum wages or overtime and/or participated in the improper tip pool with Expediters.

47.    The putative Class members are similarly situated to the named

Plaintiffs because they worked in the same or similar positions, were subjected to the same unlawful practice, policy, or plan, and their claims are based upon the same factual and legal theories.

48.     The working relationships between Defendants and every putative Class member are exactly the same and differ only in name, location, exact job duties, and rate of pay (within a very small band of differential, as most workers are paid at state or federal minimum hourly wage base levels for tipped workers).

49.     The key legal issue in the collective action – whether Defendants' policies and practices violate the FLSA – does not vary substantially from Class member to Class member.

50.     Plaintiffs estimate that the putative Class, including both current and former workers over the relevant period, will include over 40 members. The precise number of Class members should be readily discernible from a review of Defendants' records.

## CLASS ACTION ALLEGATIONS

51.     Plaintiffs bring this action as a class action pursuant to Rule of Civil Procedure 23.

52.     All requirements of Federal Rule of Civil Procedure 23 are satisfied to maintain a class action. The Class to be certified against Defendants is defined

as follows:

> b. All individual Servers who worked for Defendants and were not paid proper minimum wages or overtime and/or participated in the improper tip pool with Managers.

53. While the exact number of Class members has not been determined at this time, upon information and belief, Defendants have employed in excess of 40 Class members at Defendants' restaurants during the relevant time period. The Class representatives and members of the Michigan Rule 23 Class have been equally affected by Defendants' violations of law.

54. There are questions of law and fact common to the Class that predominate over any questions affecting individual members, including, but not limited to:

> (a) whether Defendants violated the FLSA by failing to pay overtime wages for hours in excess of forty (40) and not paying employees minimum wage;

> (b) whether the employees are owed all tips they contributed to the pool and the full minimum wage;

> (c) the amount of damages, restitution, and/or other relief (including all applicable civil penalties, liquidated damages and equitable relief available which Plaintiffs and the Class are entitled to;

(d) whether Defendants should be enjoined from such violations in the future.

55.     The Class Representatives' claims are typical of those of the Class. Plaintiffs, like other members of the Class, were subjected to Defendants' policies and willful practices of failing to pay minimum wage and overtime pay and unlawfully requiring workers to perform non-tipped work without pay. The Class Representatives and members of the Rule 23 Class have sustained similar injuries as a result of the Defendant's actions.

56.     The Class Representatives are adequate representatives of the Class.  The Class Representatives have retained counsel experienced in complex wage and hour cases and collective action litigation.

57.     Plaintiffs are members of the Class. Given Plaintiffs' injury and loss, Plaintiffs are committed to the prosecution of this action for the benefit of the Class.

58.     Plaintiffs have no interest that would cause them to act adversely to the best interests of the class action litigation. This action is maintainable as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

59.     This action is maintainable as a class action because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

60.     Plaintiffs, as Class Representatives, intend to send notice to all members of the Michigan Rule 23 Class to the extent required by the Fed.R.Civ.P.

## COUNT I – VIOLATION OF THE FLSA
### (Minimum Wage and Overtime Violations)

61.     Plaintiffs hereby incorporate all of the preceding paragraphs contained within this Complaint.

62.     This claim arises out of Defendants' willful violation of the Fair Labor Standards Acts, 29 U.S.C. Sec. 201, *et seq*., for failure to pay a minimum wage and overtime pay to Plaintiffs and members of the FLSA Collective to which they were entitled.

63.     Pursuant to 29 U.S.C. § 206, Plaintiffs and the FLSA Collective were entitled to be compensated at the rate of $2.13 per hour plus tips to meet the federal minimum of $7.25 per hour, as well as time and a half for all hours worked in excess of forty (40) each week.

64.     At all relevant times, Defendants employed Plaintiffs and all

collective Plaintiffs within the meaning of the FLSA.

65.     At all relevant times, Defendants have been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. Sec. 201.

66.     The minimum wage and overtime provisions of the FLSA, 29 USC 201 *et seq*., apply to Defendants and protect Plaintiffs and members of the FLSA Collective.

67.     Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(B).  As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

68.     Pursuant to 29 U.S.C. § 206 *et seq.*, Plaintiffs and the FLSA Collective were entitled to be compensated at the rate of $2.13 per hour plus tips to meet the federal minimum of $7.25 per hour, as well as time and a half for all hours worked in excess of forty (40) each week.

69.     29 U.S.C. § 207(a) mandates that employers shall pay "one and one-half times the regular rate" for hourly work over forty hours in one work week.

70.     Defendants failed to pay Plaintiffs and Class members of the FLSA Collective the minimum wages set forth in 29 U.S.C. § 206.

71.     The hours performing non-tipped via attending unpaid mandatory meetings, often encompassed at least 20% of the Class members' work week

hours.

72.     The new calculation of the hours worked would place Plaintiffs'
and Class members' pay below the statutory minimum wage.

73.     Defendants failed to pay overtime wages for hours performing non-
tipped work in excess of forty (40) hours.

74.     Defendants knew or should have known that these policies and
practices violated the FLSA.

75.     Defendants have not made a good faith effort to comply with the
FLSA.

76.     Rather, Defendants knowingly, willfully, and/or with reckless
disregard, carried out, and continues to carry out their illegal overtime
payment practices and demanding unpaid work.

77.     Plaintiffs, on behalf of themselves and the FLSA collective, seek
damages in the amount of their respective unpaid wages, liquidated damages
as provided by 29 U.S.C. § 216(b) interest, and such other legal and equitable
relief as the Court deems proper.

78.     Plaintiffs, on behalf of themselves and the FLSA collective, seek
recovery of attorney fees and costs incurred in enforcing their rights pursuant
to 29 U.S.C. § 216(b).

79.     12 U.S.C. § 211(c) requires employers to keep adequate records of

the "wages, hours, and other conditions and practices" maintained by the employer and preserve them for future reports.

80.    29 C.F.R.§ 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

81.    To the extent Defendants have failed to maintain all records required by the aforementioned statutes and regulations, and fail to furnish Plaintiffs and FLSA Collective comprehensive statements showing the hours that they worked during the relevant time period, it also violated the aforementioned laws causing Plaintiffs damage.

82.    When the employer fails to keep accurate records of the hours worked by its employees, the employee may carry out his burden "if he proves that he has in fact performed work for which he was improperly compensated" with sufficient evidence. The burden then shifts to the employer to negate the employee's proofs, and, should it fail to do so, the court may award damages to the employee "even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946).

83.    The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory

duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with ... the Act." *Id*.

84.    Based on the foregoing, Plaintiffs and Class members seek unpaid minimum wage and overtime compensation at the required legal rate for all working hours during the relevant time period, liquidated damages, prejudgment interest calculated at the highest legal rate, attorneys' fees and costs, and all other costs, penalties and other relief allowed by law.

## COUNT II – VIOLATION OF THE FLSA
## (Improper tip pool violation)

85.    Plaintiffs hereby incorporate all of the preceding paragraphs contained within this Complaint.

86.    This claim arises out of Defendants' willful violation of the Fair Labor Standards Acts, 29 U.S.C. 201 *et seq*. and 29 U.S.C. Sec. 203(m), for improperly pooling Plaintiffs' and Class members' tips with non-tipped employees.

87.    At all relevant times, Defendants employed Plaintiffs and all collective Plaintiffs within the meaning of the FLSA.

88.    At all relevant times, Defendants have been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. Sec. 201.

89.    The tipped employee provisions of the FLSA, 29 U.S.C. § 201, *et seq*, including 29 U.S.C.S § 203(m), applies to Defendants and protects Plaintiffs and the FLSA Collective.

90.    Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(B).  As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

91.    Defendants improperly pooled the Class members' tips with hourly or salary employees who did not perform tipped work when they required Servers to contribute 1% to 3% of their daily sales to a pool to be shared with Managers.

92.    Defendants' practice of requiring its tipped employees to pay a mandatory percentage of their daily sales to hourly or salary employees who do not customarily and regularly receive tips violates the FLSA. 29 U.S.C. § 203(m).

93.    Defendants knew or should have known that these policies and practices violated the FLSA.

94.    Defendants have not made a good faith effort to comply with the

FLSA.

95.    Rather, Defendants knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out their illegal tip-pooling and overtime payment practices.

96.    Plaintiffs, on behalf of themselves and the FLSA collective, seek damages in the amount of their respective unpaid wages, liquidated damages as provided by 29 U.S.C. § 216(b) interest, and such other legal and equitable relief as the Court deems proper.

97.    Plaintiffs, on behalf of themselves and the FLSA collective, seek recovery of attorney fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

98.    12 U.S.C. § 211(c) requires employers to keep adequate records of the "wages, hours, and other conditions and practices" maintained by the employer and preserve them for future reports.

99.    29 C.F.R.§ 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

100.  To the extent Defendants have failed to maintain all records required by the aforementioned statutes and regulations, and fail to furnish

Plaintiffs and FLSA Collective comprehensive statements showing the hours that they worked during the relevant time period, it also violated the aforementioned laws, causing Plaintiffs damage.

101. When the employer fails to keep accurate records of the hours worked by its employees, the employee may carry out his burden "if he proves that he has in fact performed work for which he was improperly compensated" with sufficient evidence. The burden then shifts to the employer to negate the employee's proofs, and, should it fail to do so, the court may award damages to the employee "even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946).

102. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with ... the Act." *Id*.

103. Based on the foregoing, Plaintiffs and Class members seek unpaid minimum wage and overtime compensation at the required legal rate for all working hours during the relevant time period, liquidated damages,

prejudgment interest calculated at the highest legal rate, attorneys' fees and costs, and all other costs, penalties and other relief allowed by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs, on behalf of the Class, prays for an order for relief as follows:

a.     That Defendants be found liable to Plaintiffs and the Class;

b.     For a declaration that Defendants willfully violated the rights of Plaintiffs and the Class under applicable law;

c.     For compensatory and actual damages;

d.     For restitution of all monies due Plaintiffs and the Class and disgorged profits from the unlawful business practices of Defendants;

e.     For all back pay, unpaid wages, and a refund of all tips, and other amounts paid by Plaintiffs and members of the Class to Defendants and their employees;

f.     For all statutory damages, liquidated damages, civil penalties, and/or other relief allowed by federal and state wage and hour statutes and regulations and/or other laws;

g.     For accrued interest;

h.     For an order certifying Counts I and II as a collective action under 28 U.S.C. 216(b);

i.      For costs of suit and expenses incurred herein, including reasonable attorneys' fees allowed under any relevant provision of law or equity, including the FLSA; and

j.      For any and all other relief that the Court may deem just, proper and equitable in the circumstances.

## Jury Demand

Plaintiffs and Class Members hereby demand a trial by jury in the above alleged matter.

Respectfully submitted,

By: /s/ Channing Robinson-Holmes
        Megan A. Bonanni P52079
        Channing Robinson-Holmes P81698
        PITT MCGEHEE PALMER & RIVERS, P.C.
        Attorneys for Plaintiff
        117 W. Fourth Street, Suite 200
        Royal Oak, MI 48067
        (248) 398-9800

Dated: January 3, 2019