# **Exhibit 1**

# RELEASE, COVENANT NOT TO SUE, AND SETTLEMENT AGREEMENT

## ARTICLE I.

### Preamble

This Release, Covenant Not to Sue, and Settlement Agreement (the "Agreement") is entered into by and between LEAH FABRY and LAUREN CONNORS, individually and on behalf of others similarly situated including the conditionally-certified class members in the Lawsuit, on the one hand, individually, together with their heirs, agents, legal representatives, successors, and assigns (hereinafter, "PLAINTIFFS") and on the other hand, RECIPES, INC., and TRUNG HUYNH together with any predecessors, successors, affiliates, subsidiaries, parent companies, DBA's, insurers, subcontractors, contractors, employees, former employees, directors, shareholders, members and any other related entities (hereinafter, "DEFENDANTS") (collectively "Parties").

## ARTICLE II.

### Purpose

The rights and obligations set forth in this document are for the purpose of conclusively resolving and settling all matters of fact and things in controversy between DEFENDANTS and PLAINTIFFS, arising out of the claims for relief made in the wage and hour lawsuit brought against DEFENDANTS in Civil Action No. 2:19-cv-10020-SKC-MKM; *Fabry, et al. vs Recipes, Inc., et al.* (herein the "Lawsuit"). It is a further and equal purpose of this Agreement to resolve any and all disputes, controversies, or claims related to payment or non-payment of wages before the effective date of this Agreement.

## ARTICLE III.

### Facts

DEFENDANTS and PLAINTIFFS (the "Parties") stipulate to certain facts that relate to disputed claims and controversies between them as follows:

Section 3.1: DEFENDANTS deny any and all alleged violations of law, and any and all liability for the claims of PLAINTIFFS alleged in the Lawsuit or otherwise. DEFENDANTS specifically deny that PLAINTIFFS' claims for violations of the Fair Labor Standards Act (FLSA) are meritorious.

Section 3.2: The terms of this Agreement are the product of negotiations between the Parties, and the Parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed.

Section 3.3: By entering into this Agreement, DEFENDANTS and PLAINTIFFS stipulate and agree that, among other things, they have resolved and settled any and all wage and hour-related claims that were or could have been made to date between them in any legal forum, or otherwise arising out of payment or non-payment of wages and overtime wages from DEFENDANTS to PLAINTIFFS including but not limited to all claims that were brought in the Lawsuit, as well as any claims of retaliation in violation of the FLSA. DEFENDANTS and PLAINTIFFS further stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any violation of law or contract or any other legal obligation whatsoever. This Agreement is entered into by DEFENDANTS and PLAINTIFFS solely to avoid the expenses and uncertainties of litigation, and represents the compromise of disputed and contingent claims.

## ARTICLE IV.

### Consideration

Section 4.1: The total consideration given by RECIPES, INC. to PLAINTIFFS under this Agreement shall be $37,500.00, and shall be paid as follows:

(a) Payment to PLAINTIFFS in individual checks to be made as follows:

i. A check made payable to LEAH FABRY for the amount of $2,541.42.

ii. A check made payable to LAUREN CONNORS for the amount of $1,876.72.

iii. A check made payable to JULIA ALAIMO for the amount of $585.62.

iv. A check made payable to VERONICA BOOTH for the amount of $221.84.

v. A check made payable to MIRANDA CHRISTEN for $1,339.20.

vi. A check made payable to AMANDA GROENEVELD for the amount of $1,818.02.

vii. A check made payable to LYDIA HOPSON for the amount of $379.82.

viii. A check made payable to DANIELLE JONES for the amount of $420.18.

ix. A check made payable to YARITZA MIRANDA for the amount of $924.82.

x. A check made payable to KASSANDRA MEMMER for the amount of $1,941.96.

xi. A check made payable to LISA SCHRAUB for the amount of $1,126.92.

  xii. A check made payable to BRITTANI TRACY for the amount of $2,086.64.

  xiii. A check made payable to MEGAN YOUNG for the amount of $3,559.68.

  The above checks will be issued and made payable within thirty days of the execution and court approval of this agreement and W2s will be issued for each PLAINTIFF.

  (b) PLAINTIFFS LEAH FABRY and LAUREN CONNORS will also receive individual checks in the amount of $2,924.29 in recognition for their service as Class Representatives in this matter. The above checks will be issued and made payable within thirty days of the execution and court approval of this agreement and IRS Forms 1099 will be issued.

  (c) Payment by a single check in the amount of $12,828.59 for attorneys' fees and costs, payable to Pitt, McGehee, Palmer & Rivers, P.C. Tax ID number 38-3075067, to be paid on or before January 31, 2020.

  (d) PLAINTIFFS acknowledge and agree that DEFENDANTS have not made any representations to PLAINTIFFS regarding the tax consequences of any amounts received by PLAINTIFFS pursuant to this Agreement. PLAINTIFFS agree that, except as otherwise set forth in this Agreement, they shall be solely responsible for payment of all personal tax liabilities due on the payments received, including but not limited to liquidated damages or other settlement amounts, including federal, state and local taxes, interest and penalties, which are or may become due.

  Section 4.2: This consideration is intended to satisfy any and all claims of PLAINTIFFS for unpaid wages, and overtime wages, as recited herein.

## ARTICLE V.

### Release and Covenants Not to Sue

  Section 5.1: For and in consideration of the required acts and promises set forth in the text of this Agreement, PLAINTIFFS hereby knowingly and voluntarily release and discharge DEFENDANTS from any and all claims for unpaid wages and/or unpaid overtime wages, which PLAINTIFFS have with DEFENDANTS as of the date of this agreement. All such claims, if any, are hereby compromised, settled, and extinguished in their entirety.

  Section 5.2: The Parties will file a joint motion seeking approval of this Agreement and for dismissal of the case with prejudice.

  Section 5.3: PLAINTIFFS and DEFENDANTS shall bear their respective costs and expenses, including attorneys' fees. PLAINTIFFS agree not to reurge, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever.

## ARTICLE VI.

### **Miscellaneous**

Section 6.1: PLAINTIFFS agree that they will not permit themselves to be a member of any class or group seeking relief against DEFENDANTS in any matter relating to claims for unpaid wages or overtime payments prior to the date of this agreement from DEFENDANTS.

Section 6.2: Upon dismissal of the Lawsuit, the doctrines of *res judicata* and collateral estoppel shall apply to all claims of PLAINTIFFS with respect to all issues of law that were raised in the Lawsuit.

Section 6.3: This document contains the entire agreement between the Parties hereto, and supersedes any and all prior agreements or understandings, written or oral, as to the matters covered. No modifications or amendments to any of the terms, conditions, or provisions hereof may be enforced unless evidenced by a subsequent written agreement executed by all Parties hereto.

Section 6.4: Information produced by Defendants regarding the names, addresses and email addresses of prospective members of the class in this matter shall not be used for any purpose other than to send necessary information to opt-in plaintiffs regarding the settlement of this matter and the payments, if any, they will receive.

Section 6.5 The laws of the State of Michigan shall govern the validity, construction, and enforcement of this Agreement.

Section 6.6: PLAINTIFFS and their counsel warrant and represent that they have the authority to sign this Settlement Agreement on behalf of themselves and all Opt-in Plaintiffs. PLAINTIFFS represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

Section 6.7: PLAINTIFFS acknowledge that they were advised to and did consult with an attorney before signing this Agreement. PLAINTIFFS represent and warrant that they are of lawful age; that they have been given sufficient time to consider this Agreement; that they have read this Agreement in its entirety and understand the meaning and application of each of its paragraphs; and that they are signing of their own free will with the intent of being bound by this Agreement.

Section 6.8: Each party has been given an opportunity to participate in the drafting and preparation of this Agreement. Therefore, in any construction to be made of this Agreement, the same shall not be construed against any party.

Section 6.9: If any provisions of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be fully severable. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

Section 6.10: The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

Section 6.11: This Agreement is executed in multiple originals and may be executed in counterparts, any of which may be used as evidence hereof.

Section 6.12: This Agreement is dated as of the date first written and is effective when signed by the Parties.

IN WITNESS WHEREOF, the Parties hereto have executed this Release, Covenant Not to Sue, and Settlement Agreement on the dates set forth below.

RECIPES, INC.

By: _____[signature]_____   11-7-19
                            Date:

Title: _____President_____

TRUNG HUYNH

_____[signature]_____
                     Date:

_____  11/9/19
LEAH FABRY                Date:

_____
LAUREN CONNERS            Date:



_____
LEAH FABRY                Date:

_____
LAUREN CONNERS            Date:

_____   11/16/19
JULIA ALAIMO           Date:

_____   11/14/2019
VERONICA BOOTH         Date:

_____  11/14/19
MIRANDA CHRISTEN         Date:

_____  11/7/19
AMANDA GROENEVELD          Date:

_Lydia Hopson_ 11/7/2019
LYDIA HOPSON                Date:

_____  11/7/19
DANIELLE JONES         Date:

_____  11/15/2019
YARITZA MIRANDA            Date:

_[signature]_ 11/19/19
KASSANDRA MEMMER    Date:

_____ 11-7-19
LISA SCHRAUB          Date:

*[signature: Brittanie Hays]*

_____  11/7/19
MEGAN YOUNG            Date: